IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10214
Conference Calendar

_____

MELVIN MCCORMICK,

                                        Plaintiff-Appellant,

versus

MGM GRAND,

                                        Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2299
- - - - - - - - - - -
August 19, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Melvin McCormick appeals the district court's dismissal of his personal injury action against the MGM Grand Hotel for failure to effect service of process on the defendant within the 120-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure.  He argues generally that the district court erred in dismissing his action.  McCormick had ample notice of the defect in service over one month prior to the expiration of the 120-day period when the district court denied his motion for

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a default judgment and summary judgment because the defendant had not been served.  See Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).  Because McCormick did not effect service of process on the defendant within the 120-day period or file any pleading in an attempt to establish good cause for his failure to effect service within the period, the district court did not abuse its discretion in dismissing his action for failure to effect service within the 120-day period as required by Rule 4(m).  See id.; see also Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993). McCormick's appeal is without arguable merit and therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

APPEAL DISMISSED.